http://www.va.gov/vetapp16/Files6/1644939.txt

Citation Nr: 1644939 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 14-23 711 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical Center in Memphis, Tennessee

THE ISSUES

1. Entitlement to a clothing allowance for the year 2013 due to wear, tear, and/or irreparable damage caused by a back brace.

2. Entitlement to a clothing allowance for the year 2013 due to wear, tear, and/or irreparable damage caused by a left knee brace.

REPRESENTATION

Veteran represented by: Military Order of the Purple Heart of the U.S.A.

ATTORNEY FOR THE BOARD

P. Childers, Counsel

INTRODUCTION

The Veteran served on active duty from October 1968 to April 1970. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a decision issued in October 2013 by the Memphis, Tennessee VA Medical Center (VAMC).

The decision below addresses the clothing allowance-back brace claim. The clothing allowance-left knee brace claim is addressed in the REMAND portion of this decision and is REMANDED to the agency of original jurisdiction (AOJ). VA will notify the appellant if further action is required.

FINDING OF FACT

The Veteran is not service connected for a back disability.

CONCLUSION OF LAW

The criteria for eligibility for a clothing allowance due to wear and tear caused by a back brace are not met. 38 U.S.C.A. §§ 1162, 5107 (West 2014); 38 C.F.R §§ 3.102, 3.810 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board has limited the discussion below to the relevant evidence required to support its finding of fact and conclusion of law, as well as to the specific contentions regarding the case as raised directly by the Veteran and those reasonably raised by the record. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Robinson v. Peake, 21 Vet. App. 545, 552 (2008).

The Veteran is seeking a clothing allowance for calendar year 2013 based on his use of a back brace. 

Under 38 U.S.C.A. § 1162, VA will pay a clothing allowance to each veteran who because of a service-connected disability, wears or uses a prosthetic or orthopedic appliance which the Secretary determines tends to wear out or tear the clothing of the veteran.

A veteran who has a service-connected disability is entitled to an annual clothing allowance if (1) the disability is the loss or loss of use of a hand or foot and an examination or hospital report discloses that the Veteran wears or uses certain prosthetic or orthopedic appliances which tend to wear or tear clothing because of such disability; or (2) the Under Secretary for Health or such designee certifies that the veteran, because of a service-connected disability or disabilities, wears or uses a qualifying prosthetic or orthopedic appliance (including, but not limited to, a wheelchair) which tends to wear or tear clothing. 38 C.F.R. § 3.810(a)(1).

Review of the record reveals that the Veteran is not service connected for a back disability; so the first element under 38 C.F.R. § 3.810(a) is not met and the claim for a back-brace-related clothing allowance must be denied as a matter of law. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994) (providing that where the law, and not the evidence, is dispositive of a claim, such claim should be denied because of the absence of legal merit or the lack of entitlement under the law). 

The Veteran and his representative have contended that the denial of the clothing allowance is clear and unmistakable error (CUE). However, as this is a direct appeal of the denial, the claim is reviewed de novo, which entails a lower evidentiary standard than a CUE request; thus, the CUE contention is not advantageous to the Veteran. In any case, a CUE request is made regarding a final decision, which the VAMC's October 2013 is not regarding the back as it was appealed and is subsumed by this decision.

Finally, in September 2016, the Veteran's representative requested that the Board resolve doubt on behalf of the Veteran. However, as the issue turns on a matter of law, the state of the evidence is not in relative equipoise, and the benefit-of-the-doubt doctrine is not applicable. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. Therefore, the clothing allowance for the back brace is not warranted.

ORDER

A clothing allowance due to wear, tear, and/or irreparable damage caused by a back brace is denied. 

REMAND

In addition to the foregoing, the Veteran is requesting a clothing allowance for the year 2013 based on his use of a left knee brace. In May 2013, he filed a claim for a clothing allowance for calendar year 2013. Review of the record reveals that the Veteran was awarded a clothing allowance at least for the years 2009 and 2012. He maintains that the clothing allowance should continue on the same basis.

In October 2013, the Memphis VAMC denied the claim. The October 2013 decision included instructions for obtaining a physical evaluation by a Board Certified Orthotist. In a June 2014 statement of the case, the Memphis VAMC Chief, Prosthetic and Sensory Aids Service averred that the claim had been denied based on review of the record. 

The Board's review of the record reveals that while there is a Prosthetic History record in the claims file, it contains no description of any prosthetic. The Board further notes that there are no medical records in the claims file dated after September 2010 (including the compensation claims file), yet the Veteran was awarded a clothing allowance in 2012. Updated VA records should be obtained on remand.

It is VA policy that if insufficient medical evidence of record exists to award the claim, then, a clinical review and/or physical evaluation of the prosthetic, orthopedic appliance, and/or skin medication is warranted. As part of the clinical review, the Under Secretary for Health designee will require the Veteran to provide the prosthetic, orthopedic appliance, or skin medication to assist with making an entitlement decision. VHA Handbook 1173.15, Clothing Allowance Benefit, Para. 6.a.

The treating physician will re-evaluate the Veteran to determine whether the prosthetic, orthopedic appliance or skin medication is still medically necessary for their service-connected disability or disabilities. An annual re-evaluation of the veteran's prosthetic, orthopedic appliance or skin medication is recommended. NOTE: In no circumstances will the Veteran be instructed to provide any articles of clothing for clinical evaluations/reevaluations (e.g., requiring Veterans to bring in clothing to VA clothing allowance in medical facility). For unusual circumstances Veterans can submit pictures to certify their prescribed prosthetic or orthopedic appliance, or skin medication causes wear, tear or irreparable staining. Submission of pictures by the Veteran is considered sufficient evidence. VHA Handbook 1173.15, Para. 6.b.

As there is no medical evidence dated after September 2010 in the claims file, the Board finds that remand for a physical evaluation of the Veteran's left knee prosthesis is needed.

Accordingly, this issue is REMANDED for the following actions:

1. Obtain any relevant outstanding VA treatment records dated after September 2010 and associate them with the claims file. 

2. Schedule the Veteran for a visual evaluation of his left knee prosthesis by a Board Certified Orthotist. The examiner must discuss the efficacy of the brace with the Veteran and document the Veteran's complaints; and take photographs of the left knee brace. The examiner is then requested to provide the following information:

a. state whether the Veteran's left knee brace is medically prescribed for service-connected disability;

b. describe the left knee brace in detail; 

c. state whether the brace is of the sort that tends to damage clothing; and

d. state whether the Veteran actually uses the device with sufficient consistency to damage his clothing. 

3. After completion of the above, readjudicate the appeal for a left-knee related clothing allowance for the year 2013. If the benefit remains denied, issue a supplemental statement of the case and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112.

______________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs